UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT MATTHEWS,

                              Plaintiff,

                                                                           1:06-CV-0704
                              v.                                                      (GLS)(DRH)

TIMOTHY BREEN,

                              Defendant.
_____

APPEARANCES:

ROBERT MATTHEWS
Plaintiff, *pro se*

GARY L. SHARPE, DISTRICT JUDGE

## MEMORANDUM-DECISION and ORDER

### I. Introduction

Presently before this Court is a complaint filed by Robert Matthews, together with a request for a temporary restraining order and preliminary injunctive relief. Matthews, who has not paid the statutory filing fee for this action, has also filed an application to proceed *in forma pauperis*.

By his *pro se* complaint, Matthews alleges that his civil and constitutional rights were violated as a result of the issuance of a "Matrimonial Judgment" on January 21, 2006. Dkt. No. 1 at 2. According to the complaint, the "Matrimonial Judgment" was issued by defendant, Timothy Breen, Acting New York Supreme Court Justice for Warren County, in a divorce proceeding in which Matthews was the defendant. *Id*. Matthews claims that Justice Breen misapplied various provisions of New York law and "neglected his judicial duties" in the course of the divorce proceedings. *Id*. at 4-8. Matthews seeks an order of this Court declaring the Matrimonial Judgment

unconstitutional, enjoining any party from enforcing the provisions of thereof pertaining to Matthews' residence and pension, and "remanding " the proceeding for entry of judgment in favor of Matthews. *Id.* at 8-12. For a complete statement of Matthews' claims, reference is made to the complaint.[1]

## II.  Discussion

Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (district court may dismiss frivolous complaint *sua sponte* notwithstanding fact that plaintiff has paid statutory filing fee).

In this case, where Matthews seeks to proceed *in forma pauperis*, the Court must also assess the sufficiency of the complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, the Court:

>  (2)     [S]hall dismiss the case at any time if the Court determines that -
>         ***

---

[1] In addition, a copy of the Matrimonial Judgment and several other documents relating to the divorce proceeding were submitted in support of Matthews' application for injunctive relief. Dkt. No. 3.

> (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the Court's responsibility to determine that a complaint may properly be maintained in the District before it may permit the plaintiff to proceed with his or her action *in forma pauperis*.  *Id.*[2]

The law in this Circuit clearly provides that "[j]udges enjoy **absolute immunity** from personal liability for 'acts committed within their judicial jurisdiction.'"  *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (emphasis added) (quoting *Pierson v. Ray*, 386 U.S. 547 (1967)).  "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff."  *Young*, 41 F.3d at 51 (internal quotations omitted).

As noted, the sole defendant in this action is the Acting Supreme Court Justice who presided over the divorce proceeding and issued the orders complained of by Matthew.  These actions were clearly within the defendant's "judicial jurisdiction."  Because the sole defendant is absolutely immune from suit under 42 U.S.C. § 1983, this action is dismissed, with prejudice.

In light of Matthews' *pro se* status, the Court has examined the complaint carefully to determine whether any basis exists for this Court's exercise of jurisdiction over his claims, and concludes that it does not.  Federal district courts "do not have jurisdiction ... over challenges to state-court decisions in particular cases arising out of

---

[2] Matthews has demonstrated sufficient economic need to proceed *in forma pauperis*.  Dkt. No. 2.

judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-16, 44 S.Ct. 149, 150 (1923). This principal of comity has become known as the Rooker-Feldman doctrine. The essence of the Rooker-Feldman doctrine is that inferior federal courts have no authority to review judgments of state courts in judicial proceedings and that federal review, if any, can occur only by way of a certiorari petition to the Supreme Court. *Phifer v. City of New York*, 289 F.3d 49, 55-56 (2d Cir. 2002); *Rogers-Fink v. Cortland County Dep't of Social Servs.*, 855 F.Supp. 45, 47 (N.D.N.Y. 1994) (Scullin, J.).

Moreover, federal courts generally lack subject matter jurisdiction over claims arising out of domestic relations matters:

> A century ago,...., the Supreme Court, sagely circumscribed the jurisdiction of federal courts as regards domestic relations when it held that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Ex parte Burris*, 136 U.S. 586, 594, 10 S.Ct. 850, 853, 34 L.Ed. 500 (1890). ... This Court applied this principle in *Lhotan v. D'elia*, 415 F.Supp. 826 (E.D.N.Y. 1976) when it held "[f]ederal courts do not adjudicate cases involving the custody of minors or rights of visitation [because t]hat is the function of the States." *Id.* at 827 (dismissing foster parents' suit seeking writ of habeas corpus requiring director of county department of social services to direct placement of foster children).

*Neustein v. Orbach*, 732 F.Supp. 333, 339 (E.D.N.Y. 1990).[3]  *See also Martin v. Chiles*, 63 F.Supp. 133, 136 (S.D.Fla. 1991) (federal courts generally dismiss cases involving

---

[3] The *Neustein* court also noted that "on rare occasions, the federal courts have gingerly forayed into the domestic relations arena but only to resolve claims that are traditionally adjudicated in federal court." 732 F.Supp. at 339. Matthews' claims, however, appear to fall squarely within the domestic relations exception to the exercise of federal jurisdiction.

divorce, alimony, child custody, visitation rights and enforcement of separation or divorce decrees still subject to state court modification).

In this case, where Matthews' claims arise out of and assert the unconstitutionality of the decision rendered by the Warren County Supreme Court in a domestic relations matter best left to the state courts, this Court lacks subject matter jurisdiction of the claims and must therefore dismiss the complaint.

In light of the dismissal of this action, Matthews' application for leave to proceed *in forma pauperis* (Dkt. No. 2) and for injunctive relief (Dkt. No. 3) are denied.

### III. Conclusion

For the reasons set forth above, the complaint fails to state a claim upon which relief may be granted by this Court, and is therefore dismissed, with prejudice.

WHEREFORE, it is hereby

ORDERED, that this action is dismissed, with prejudice, and it is further

ORDERED, that Matthews' application to proceed *in forma pauperis* (Dkt. No. 2) is denied, and it is further

ORDERED, that Matthews' request for injunctive relief (Dkt. No. 3) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Decision and Order on Matthews.

IT IS SO ORDERED.

Dated: July 6, 2006
    Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge